UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

ANDRE CHRISTOPHER MYERS, )
)
    Movant, )
)
v. ) Case No. CV413-221
)              CR495-123
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Andre Christopher Myers has submitted for filing his fourth 28 U.S.C. § 2255 motion attacking the same drug conviction that he has previously challenged under § 2255.[1] CR495-123, doc. 1206, *see also* docs.

---

[1] This time he claims that he has gotten a prior conviction -- used to enhance his sentence here -- vacated. Thus, he contends, he is entitled to relief pursuant to *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 192 (2013) (actual innocence meets the miscarriage of justice exception, which applies to the time bar in 28 U.S.C. § 2244(d)(1), so a petition based on actual innocence is timely even if filed after the one-year period) and *Spencer v. United States*, 727 F.3d 1076, 1091 (11th Cir. 2013) (erroneous career offender designation is cognizable under a *timely filed* § 2255 motion even in the case of a defendant sentenced after *Booker*). Doc. 1206 at 14-19.

The Court takes no position on *McQuiggin's* retroactivity or its application to him, but notes *United States v. Robinson*, 2013 WL 5874012 at * 3 (D. Kan. Oct. 30, 2013) (*McQuiggin* does not extend the Supreme Court's previous rulings on the actual innocence exception to noncapital sentences), and reminds Myers that before he gets

803, 849, 863 (first § 2255 motion and rulings denying it); docs. 1063 & 1064 (second § 2255 motion and adverse ruling); docs. 1155 & 1161 (third § 2255 motion and adverse ruling). Since this is a successive § 2255 motion, Myers must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Mattox v. United States*, 460 F. App'x 828, 829 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion . . . he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and

---

to that point he must show that he was sentenced higher than the statutory maximum sentence allowed even without a sentencing enhancement. *See* 28 U.S.C. § 2255(a) (providing for attack of sentence that is in excess of that maximum as authorized by law), cited in *Clayton v. United States*, 2013 WL 3381373 at * 3 (W.D.N.C. July 8, 2013). While Myers also raises a ground under *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), that case is not retroactive and in any event does not surmount the successiveness bar. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Portocarrero v. United States*, 2013 WL 5944246 at * 2 (M.D. Fla. Nov. 6, 2013); *Fredriksen v. United States*, 2013 WL 4776314 at * 2 (S.D. Ala. Sept. 5, 2013).

cite omitted). Because Myers has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive.

Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 14TH day of November, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA